OREGON RAILWAY AND NAVIGATION COMPANY
*v.* OREGONIAN RAILWAY COMPANY (Limited).

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF OREGON.

No. 335. Submitted April 20, 1892. — Decided April 25, 1892.

For reasons stated in the motion, the court grants a motion to submit this case, when reached in regular call, without printing the record.

The judgment below is reversed upon the authority of *The Oregon Railway and Navigation Company* v. *The Oregonian Railway Company, Limited*, 130 U. S. 1.

On the 14th day of December, at the present term, the following motion, entitled in this case, and the accompanying statement were submitted by *Mr. Dolph*, of counsel for the plaintiff in error, together with the further statement by *Mr. Edmunds* as *amicus curiæ*, *Mr. Edmunds* being also the attorney of record of the defendant in error.

"Now, at this day, comes the plaintiff in error and moves the court for an order suspending Rule 10 of the Rules of this Court as to the above entitled cause, and allowing the plaintiff in error to submit the same upon printed brief, when reached in its order, without printing the record.

"J. N. DOLPH,
"*of Counsel for Plaintiff in Error.*

"STATEMENT.

"In this cause four separate actions, each being for a half yearly instalment of rent, were consolidated in the court below and tried as one. The actions so consolidated were brought by the Oregonian Railway Company, Limited, alleged to be a corporation formed in Great Britain under the Companies' Act of 1862, against the Oregon Railway and Navigation Company, a corporation formed under the general laws of Oregon, on the covenants in an indenture of lease, alleged to have been executed on August 1, 1881, by which the former company undertook to demise to the latter its railway in Oregon for the term of ninety-six years, upon a rental, to be paid in advance, in semi-annual instalments, of $68,131, on May 15 and November 11; being the same instrument which was held by this court to be void in *Oregon Railway and Navigation Company* v. *Oregonian Railway Company, (Limited,)* 130 U. S. 1, and in three cases with the same title, being Nos. 236, 237 and 238, October Term, 1889,

submitted and decided at said Term, but in which there were no printed opinions.

. "The questions involved in this case are precisely the same questions which were passed upon in those cases, and are:

"*First. Whether under the constitution and general laws of Oregon a corporation, organized under the laws of that State, could, at the date of the execution of the indenture of lease in question, take a lease of the railroad of another company and operate the same for ninety-nine years?*

"*Second. Whether the laws of Oregon at said date conferred on a foreign corporation the right to make a lease of a railroad within the State for such a term?*

"*Third. Whether under the facts of the case the lessee was estopped from setting up the want of power of the lessor to make such a lease, or of itself to take such a lease?*

"There is no controversy about the facts, and it is believed they can be sufficiently presented by a brief.

"The estimate of the Clerk of this court for printing the record is about $600.

"After the decision of the first case, reported in 130 U. S. 1, it was proposed by some of the attorneys representing the defendant in error to avoid the expense of printing the record by disposing of the remaining cases by stipulation; but the Oregonian Railway Company, limited, went into liquidation in Scotland, and the assignee or liquidator declined to enter into any arrangement about the matter for alleged lack of authority.

"In the three cases submitted at the October Term, 1889, the records were printed at a cost of over $1400.

"Said Oregonian Railway Company, Limited, has sold its railroad in Oregon and it has no property in that State out of which a judgment for costs against it can be satisfied.

"The attorneys who tried the case in the court below, fearing they are liable for the costs, under a statute of the State of Oregon, relating to the bringing actions by non-residents, are anxious to avoid the apparently unnecessary expense of printing the record in this case.

"J. N. Dolph.

Counsel for Plaintiff in Error.

" UNITED STATES OF AMERICA, }
    " District of Columbia.      } ss.

" I, Joseph N. Dolph, being first duly sworn, say that I am attorney for plaintiff in error in the above entitled action, and that the foregoing statement is true, as I verily believe.

                     " J. N. DOLPH.

" Subscribed and sworn to before me, this second day of December 1891.
            " JAMES H. McKENNEY,

[SEAL]             " *Clerk Supreme Court, U. S.*

" I think it right to state as *amicus curiæ* that I was counsel for the defendant in the cause in which the rights of the parties to that and to this cause were involved, and that, as I understand it, precisely the same questions existed and were determined in that cause that exist in this cause, and I think there is no good reason for printing the record.
           " GEORGE F. EDMUNDS.

" AIKEN, S. C., December 5, 1891."

The court thereupon made the following order, entitled in the cause, on the 21st day of the same December.

" On consideration of the motion for leave to submit this cause when the same is reached in regular call of the docket on a printed argument, without printing the record,

" It is now here ordered by the court that said motion be, and the same is hereby, granted."

The cause was reached in regular call on the 20th of April, 1892.

*Mr. J. N. Dolph* for plaintiff in error submitted on his brief.

No appearance for defendant in error.

THE CHIEF JUSTICE: The judgment is reversed and the cause remanded upon the authority of *The Oregon Railway and Navigation Company* v. *The Oregonian Railway Company, Limited*, 130 U. S. 1.